IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,129-01






EX PARTE JAMES ROE BURRELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A-040220AR IN THE 128TH JUDICIAL DISTRICT COURT


FROM ORANGE COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to felony assault in
exchange for a probated sentence. His probation was later revoked, and he was sentenced to four
years' imprisonment. 

 Applicant contends that he is being improperly denied release to mandatory supervision,
although he has not been convicted of an offense enumerated in Texas Government Code
§508.149(a), and although he does not present a danger to society. The habeas record does not
contain any information regarding whether Applicant is classified as eligible for mandatory
supervision, or whether he has been reviewed for and denied release to mandatory supervision. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in that it shall order the Texas
Department of Criminal Justice's Office of the General Counsel to file an affidavit stating whether
Applicant is classified as eligible for mandatory supervision, and if so, whether Applicant has been
reviewed for release to mandatory supervision. The affidavit shall state why Applicant's projected
release date is the same as his long-way discharge date, according to TDCJ's offender database. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall first supplement the record with copies of the judgment and sentence
revoking probation in this case. The trial court shall make findings as to whether Applicant is
considered eligible for mandatory supervision, and if not, why not. The trial court shall also make
findings of fact as to whether, if eligible for mandatory supervision, Applicant has been considered
for release to mandatory supervision, and what the result of such consideration was. If Applicant
was considered for and denied release to mandatory supervision, the trial court shall make findings
as to whether Applicant was afforded adequate notice and opportunity to submit materials on his
own behalf, and as to whether he was provided with written reasons for the denial of his release. Ex
parte Retzlaff, 135 S.W.3d 45 (Tex. Crim. App. 2004). The trial court shall supplement the habeas
record with copies of any documents pertaining to the mandatory supervision review process in this
case. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: July 1, 2009

Do not publish